## JOHNSON *v.* SHERIDAN.

### *(City Court of Brooklyn, General Term.   June 24, 1889.)*

APPEAL—REVIEW—WEIGHT OF EVIDENCE.

Defendant, having been restrained from using a flue until it should be lined with iron or vitrified earthen pipe, and until the court should declare that the same had been done, inserted iron pipe in the flue, and moved the court for an order declaring that it had been done as required by the decree; and oral testimony was heard on the question. *Held*, that the decision of the court would not be reviewed.

Appeal from special term.

Action by Alvan R. Johnson against Patrick Sheridan. Plaintiff appeals from an order dissolving an injunction.

Argued before CLEMENT, C. J., and OSBORNE, J,

*Johnson & Lamb*, for appellant.   *J. Stewart Ross*, for respondent.

OSBORNE, J.   By a judgment entered herein on October 22, 1888, defendant, among other things, was enjoined and restrained from using the furnace flue built in, or partly in, the party-wall between the houses of plaintiff and defendant, "until the same is lined throughout with iron or vitrified earthen pipe, and until this court by a proper order shall declare that the said furnace flue has been lined throughout with iron or vitrified earthen pipe." Thereupon defendant caused to be inserted in said furnace flue, which was an 8-inch flue, a 24-gauge 7-inch black iron pipe up to the top-floor of his house, and from there it was run into the flue leading from the top-floor fire-place, and continued to the roof. On the completion of this work, defendant applied to the learned judge who tried this cause, on notice to the plaintiff, for an order declaring that the furnace flue referred to in said decree is now lined throughout with iron pipe as required by said decree, and for such further or other relief as to the court should seem meet. On the hearing of the application, the affidavits of both parties being conflicting, the learned trial judge very properly decided to take oral testimony on the point in dispute. After hearing the testimony

submitted, the learned judge made an order ordering, adjudging, and decreeing "that the furnace flue referred to in the decree entered herein the 22d day of October, 1888, is now lined throughout with iron pipe, as required by said decree; and   *   *   *   that, in so far as said decree enjoined or restrained the use or enjoyment of said furnace flue, the said decree shall be inoperative and void." From the order so made, plaintiff takes this appeal. On the hearing, appellant contended that the pipe inserted by respondent was not a compliance with the requirements of the decree; that it was a mere temporary makeshift to meet the letter and not the spirit of the decree. This being the contention, certainly no one was more competent than the judge who tried the cause, and rendered such a decree on all the evidence as in his judgment justice required, to interpret that decree, to construe its meaning, and to determine whether it had in this respect been complied with. He heard the testimony on this application; he knew what he intended the decree made by him to require the defendant to do; and he has found that defendant has complied with that requirement. · It cannot be disputed that there is sufficient testimony to support his finding. In so far as the testimony was conflicting, the judge, who saw the witnesses on the stand, and heard them testify, is better able to judge of their credibility, and of their competency to speak as to the matters testified to by them, than we are from the printed record. Nor is there such preponderance in favor of the plaintiff's contention as would justify us in interfering with the decision at which the learned trial judge has arrived. We have examined the exceptions taken by counsel for appellant, and do not find them tenable. They seem to proceed from the mistaken view of the appellant that it was the province of experts, and not of the learned trial judge, to decide what the words of the decree meant, and what constituted a compliance with the regulations of the building department of the city. These were clearly matters for the court to determine. For the reasons above stated, we are of the opinion that the order appealed from should be affirmed, with costs.

CLEMENT, C. J., concurs.